UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY DUNN and DANIEL HODGES,   Case No. 1:25-cv-01844-DLF
Plaintiffs,

v.

THOMAS AUSTIN, in his official
capacity as Architect of the Capitol,
Defendant.

MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

COMES NOW the proposed Intervenor, Brian Mock, a January 6th defendant who has been officially pardoned by the President of the United States, and respectfully moves this Court for leave to intervene in the above-captioned matter pursuant to Rule 24(a)(2) or, alternatively, Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. In support thereof, Intervenor states as follows:

I. INTRODUCTION

This case involves a mandamus action compelling the installation of a memorial at the United States Capitol, purporting to commemorate the actions of law enforcement on January 6, 2021. The Intervenor—and others similarly situated—assert a vested interest in the content and symbolism of any such government-sanctioned monument, especially when that monument presents a false and one-sided narrative of the events of that day.

As a defendant charged by the United States government in connection with January 6, 2021, and now pardoned, the Intervenor has standing and a direct, personal stake in ensuring the accurate historical representation of that day. Moreover, the installation of any permanent public monument reflecting only the plaintiffs' narrative would significantly impair his constitutional rights, damage his reputation, and mischaracterize the broader context and contested facts of January 6, 2021.

II. GROUNDS FOR INTERVENTION

A. Intervention As of Right (Rule 24(a)(2))

Intervenor is entitled to intervene as of right because:
1. He has a direct and legally protectable interest in the outcome of this action—namely,

RECEIVED

JUN 17 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

in preventing the government from memorializing a false narrative that affects his legal history, public identity, and liberty.

2. The disposition of this case may impair or impede his ability to protect that interest.

3. That interest is not adequately represented by any existing party. The Defendant, a government officer, has no incentive to present the facts or perspectives of January 6th defendants.

B. Permissive Intervention (Rule 24(b)(1)(B))

In the alternative, permissive intervention should be granted because the Intervenor's claim and defense share common questions of law and fact with the main action, including the legal authority to install such a monument, and the historical and constitutional framing of the events of January 6.

III. ADDITIONAL GROUNDS: CREDIBILITY OF PLAINTIFFS

Both Plaintiffs, Harry Dunn and Daniel Hodges, testified before the January 6th Committee during nationally televised hearings. Intervenor asserts that both officers provided false and/or misleading testimony regarding the events of that day.

Furthermore, Officer Harry Dunn also testified during the Oath Keepers' seditious conspiracy trial. Intervenor maintains that Dunn made statements under oath that are contradicted by video evidence, witness statements, and investigative reports. These inconsistencies raise serious concerns about the credibility of the Plaintiffs' account and undermine the legitimacy of their request to enshrine their version of events in a federally sanctioned memorial.

IV. PROPOSED INTERVENTION

Intervenor seeks to:

1. Oppose the current petition for a one-sided memorial that exclusively honors law enforcement personnel involved in the events of January 6, 2021, while omitting the actions taken against unarmed civilians and peaceful demonstrators.

2. Propose a revised memorial that includes:
   - The names of the four Americans who died as a result of police action or neglect on January 6:
     - Ashli Babbitt
     - Rosanne Boyland

- Kevin Greeson
- Benjamin Phillips
- A dedicated section honoring the politically persecuted: those January 6 defendants who were:
  - Illegally detained pretrial
  - Denied constitutional rights including access to counsel, speedy trial, humane confinement, and due process
  - Subjected to inhumane treatment and solitary confinement for political purposes

This proposed amendment ensures that any monument placed at the Capitol reflects a full and truthful historical record, rather than a narrow, partisan interpretation advanced by individuals who have themselves been proven unreliable under oath.

## V. CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Intervene and permit the Intervenor to file the accompanying Proposed Answer and Opposition to Plaintiffs' Complaint.

Respectfully submitted,

Brian Mock
Pro Se Intervenor
P.O. Box 152
Lynd, Minnesota 56157
703-282-5019
ppow1621@gmail.com