**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**HARRY DUNN and DANIEL HODGES,**

Plaintiffs,

v.

**THOMAS AUSTIN, in his official capacity as Architect of the Capitol, and the ARCHITECT OF THE CAPITOL,**

Defendants.

**Case No. 1:25-cv-01844**

## MOTION TO INTERVENE

COMES NOW Cindy Lou Young, a 68-year-old grandmother and former January 6 defendant, hereinafter referred to as the "Proposed Intervenor," pro se, and respectfully moves this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene as a defendant in the above-captioned case. In support of this motion, the Proposed Intervenor states as follows:

INTRODUCTION

The Proposed Intervenor, Cindy Lou Young, seeks to intervene in this action to protect her significant interest in ensuring that any memorialization of the events of January 6, 2021, at the United States Capitol is equitable, inclusive, and accurately reflects the experiences of all individuals impacted by that day, including herself as a January 6 defendant, the 1,585 other individuals charged, and the families of Ashli Babbitt, Roseanne Boyland, Benjamin Phillips, and Kevin Greeson, who lost their lives.

**RECEIVED**

JUN 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The Plaintiffs' complaint seeks to compel the Defendants to install a plaque honoring law enforcement officers who defended the Capitol on January 6, 2021, pursuant to Pub. L. 117-103 Sec. 214. While the Proposed Intervenor acknowledges the importance of memorializing significant historical events—such as September 11, the Oklahoma City bombing, and others—any memorialization of January 6 must fairly represent all affected parties to avoid perpetuating a one-sided narrative that exacerbates division and fails to acknowledge the broader impact of the events, including the severe personal, financial, and psychological toll on individuals like the Proposed Intervenor.

The Proposed Intervenor is a 68-year-old grandmother from Bristol, New Hampshire, who was charged and convicted of four misdemeanor offenses related to her presence at the Capitol on January 6, 2021. She was sentenced to four months of incarceration, two months of home detention, and two years of probation. On January 20, 2025, she received a presidential pardon for these charges. As a result of what she describes as government persecution, the Proposed Intervenor lost her business, into which she had invested her retirement savings, and has suffered from depression and anxiety throughout the four-year legal process.

The Defendants' failure to install a balanced memorial that includes recognition of January 6 defendants and those who lost their lives violates the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution, as it arbitrarily discriminates against the Proposed Intervenor and similarly situated individuals by honoring one

group (law enforcement officers) while excluding others who were equally impacted by the events of January 6, 2021. This selective recognition perpetuates an unequal application of the law and exacerbates the harms suffered by the Proposed Intervenor and others.

## LEGAL STANDARD FOR INTERVENTION

Under Federal Rule of Civil Procedure 24(a)(2), intervention as of right is warranted when the movant: (1) files a timely motion; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by existing parties.

Alternatively, under Federal Rule of Civil Procedure 24(b)(1)(B), permissive intervention may be granted when the movant has a claim or defense that shares a common question of law or fact with the main action, and intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

## ARGUMENT

A. The Proposed Intervenor Is Entitled to Intervention as of Right Under Rule 24(a)(2)

1. Timeliness of the Motion

This motion is timely as it is filed shortly after the Plaintiffs' complaint, dated June 12, 2025, and before significant proceedings have occurred in this case. The Proposed

Intervenor has acted promptly upon learning of the action, and intervention at this stage will not prejudice the existing parties or delay the proceedings.

2. Interest in the Subject Matter of the Action

The Proposed Intervenor has a significant and personal interest in the subject matter of this action, which concerns the installation of a memorial plaque at the United States Capitol to commemorate the events of January 6, 2021. As a 68-year-old grandmother who was charged, convicted, and later pardoned for four misdemeanor offenses related to January 6, the Proposed Intervenor has a direct stake in ensuring that any memorialization is equitable and does not selectively honor one group while ignoring the suffering and losses of others, including herself and the 1,585 other January 6 defendants.

The Proposed Intervenor's life was profoundly impacted by her prosecution: she lost her business, which represented her retirement savings, and has suffered from depression and anxiety over the four-year legal process. These psychological and financial harms mirror those experienced by many other January 6 defendants, who have faced social isolation, stigmatization, and attacks that could be characterized as hate crimes. Furthermore, the Proposed Intervenor seeks recognition for Ashli Babbitt, Roseanne Boyland, Benjamin Phillips, and Kevin Greeson, who lost their lives on January 6, 2021, and whose deaths have not been adequately acknowledged by the government or media.

The Defendants' failure to include January 6 defendants and those who died in the proposed memorial violates the Equal Protection Clause of the Fifth Amendment, which prohibits the federal government from denying equal protection of the laws. By honoring only law enforcement officers, the Defendants arbitrarily discriminate against the Proposed Intervenor and similarly situated individuals, who suffered comparable or greater harms, including loss of life, liberty, and livelihood, as a result of their involvement in the events of January 6. This selective memorialization mirrors the unequal treatment alleged by the Plaintiffs (Complaint, ¶¶ 33-37) but applies to a distinct group that includes the Proposed Intervenor, warranting her intervention to protect her constitutional rights.

3. Impairment of the Proposed Intervenor's Interest

The disposition of this action without the Proposed Intervenor's participation may impair or impede her ability to protect her interest in ensuring a balanced and fair representation of January 6, 2021. If the Court grants the Plaintiffs' request to compel the installation of a plaque solely honoring law enforcement officers, it would effectively endorse a one-sided historical narrative that marginalizes the experiences of January 6 defendants, including the Proposed Intervenor, and the families of those who died. Such an outcome would exacerbate the psychological and social harms suffered by the Proposed Intervenor, who continues to live with depression and anxiety, and further stigmatize those who were exercising their constitutional right to redress grievances concerning the Electoral Count Act.

Moreover, a selective memorial would violate the Proposed Intervenor's Fifth Amendment right to equal protection by treating her and other January 6 defendants differently from law enforcement officers, despite their shared status as individuals significantly impacted by the events of January 6. This unequal treatment would perpetuate the financial and emotional harms she has endured, including the loss of her business and retirement savings, and hinder her ability to seek fair recognition for her experiences.

4. Inadequate Representation by Existing Parties

The existing Defendants, Thomas Austin and the Architect of the Capitol, do not adequately represent the Proposed Intervenor's interests. The Defendants' role is to address their official duties under Pub. L. 117-103 Sec. 214, and their defense is likely to focus on procedural or administrative arguments rather than the broader equitable and constitutional concerns raised by the Proposed Intervenor, including her Fifth Amendment equal protection claim. The Defendants have no direct stake in advocating for the recognition of January 6 defendants or the individuals who lost their lives, nor do they represent the Proposed Intervenor's interest in preventing a one-sided memorial that could further harm those affected.

B. Permissive Intervention Is Warranted Under Rule 24(b)(1)(B)

In the alternative, the Court should grant permissive intervention under Rule 24(b)(1)(B). The Proposed Intervenor's defense shares common questions of law and fact with the main action, including the interpretation and application of Pub. L. 117-103 Sec. 214,

the historical significance of January 6, 2021, and the constitutional implications of selective memorialization under the Fifth Amendment's Equal Protection Clause. The Proposed Intervenor's participation will contribute valuable perspectives on the need for inclusive recognition without unduly delaying or prejudicing the adjudication of the original parties' rights.

The Proposed Intervenor's intervention will ensure that the Court considers the full context of January 6, 2021, including the psychological trauma, financial devastation, and social stigmatization suffered by defendants like herself, the lack of acknowledgment for those who died, and the constitutional rights exercised by citizens seeking to address concerns about the Electoral Count Act. These issues are critical to achieving a just and equitable outcome.

C. The Proposed Intervenor's Position

The Proposed Intervenor does not dispute the importance of memorializing significant historical events, as demonstrated by existing memorials for events such as September 11, the Oklahoma City bombing, and others. However, any memorial for January 6, 2021, must be inclusive and balanced, recognizing not only the law enforcement officers who defended the Capitol but also the 1,585 January 6 defendants, including the Proposed Intervenor, who have faced psychological trauma, social isolation, and financial ruin, as well as the families of Ashli Babbitt, Roseanne Boyland, Benjamin Phillips, and Kevin Greeson, who lost their lives.

The selective memorialization sought by the Plaintiffs risks perpetuating a narrative that misrepresents the events of January 6 and exacerbates the harm suffered by the Proposed Intervenor, who lost her livelihood and continues to suffer from depression and anxiety as a result of her prosecution. A plaque that solely honors law enforcement officers would violate the Fifth Amendment's Equal Protection Clause by arbitrarily favoring one group over others equally affected, denying the Proposed Intervenor and similarly situated individuals the equal protection of the laws. A fair memorial must acknowledge all who were impacted, including those who stood peacefully to exercise their constitutional right to redress grievances concerning the Electoral Count Act.

## RELIEF REQUESTED

WHEREFORE, the Proposed Intervenor respectfully requests that this Court:

a. Grant the Proposed Intervenor's motion to intervene as of right under Rule 24(a)(2) or, in the alternative, permit intervention under Rule 24(b)(1)(B);

b. Allow the Proposed Intervenor to file an answer or other responsive pleading to the Plaintiffs' complaint, asserting defenses and claims related to the equitable and inclusive memorialization of January 6, 2021, including violations of the Fifth Amendment's Equal Protection Clause;

c. Order that any memorial installed pursuant to Pub. L. 117-103 Sec. 214 include recognition of all individuals impacted by January 6, 2021, including the 1,585 January 6

defendants and the families of Ashli Babbitt, Rosanne Boyland, Benjamin Phillips, and Kevin Greeson.

d. Declare that the Defendants' failure to install a balanced memorial violates the Equal Protection Clause of the Fifth Amendment by arbitrarily discriminating against January 6 defendants and the families of those who died;

e. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Proposed Intervenor demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Cindy Lou Young   *Cindy Lou Young 6/18/25*

20 Central Street, Bristol, NH. 03222

(603)630-3195

clyoung@breezeline.net

Pro Se

Date: June 18, 2025

[Notary seal: AMY A. CLAYMAN, STATE OF NEW HAMPSHIRE, NOTARY PUBLIC, MY COMMISSION EXPIRES JUNE 14, 2028]