UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

HARRY DUNN and DANIEL HODGES,

    Plaintiffs,

v.

THOMAS AUSTIN, in his official capacity
as Architect of The Capitol, and the
ARCHITECT OF THE CAPITOL,

    Defendants.

</td><td>

Case No. 25-cv-1844 (DLF)

</td></tr>
</table>

## PLAINTIFFS' OPPOSITION TO MOTIONS TO INTERVENE

Plaintiffs in this case are officers who defended the Capitol on January 6, 2021. They seek to compel the Architect of the Capitol to follow the law and install a plaque to honor their and their fellow officers' service. Brian Mock and Cindy Lou Young, two defendants convicted of crimes at the Capitol that day, now seek to intervene, arguing that their rights will be infringed by honoring the officers. Because Mock and Young have no plausible claim in this case, and because their participation would cause unnecessary delay and prejudice, their motions to intervene should be denied.

## I.    Factual Background

Brian Mock and Cindy Lou Young, who seek to intervene in this case, were convicted of various crimes for their actions on January 6, 2021 ("January 6"). That day at the Capitol, Mock committed four separate assaults on police officers: he pushed one officer to the ground, kicked or attempted to kick a second, threw a broken flagpole at a third, and shoved a fourth to the ground. Government's Sentencing Memorandum at 2, *United States v. Brian Mock*, 1:21-cr-444 (JEB) (D.D.C. Jan. 12, 2024), ECF No. 112. Afterwards he bragged that he "[g]ot sprayed

directly 3 times, took a flash bang and took down at least 6 cops" and "took 3 gates 2 shields and a bunch of equipment." *Id.* He was convicted in a bench trial before Chief Judge Boasberg and sentenced to 33 months' incarceration. Minute Order, *United States v. Brian Mock*, 1:21-cr-444 (JEB) (D.D.C. Feb. 22, 2024). Earlier this year, Mock was pardoned for his actions at the Capitol.

Mock's fellow putative intervenor, Cindy Lou Young, trespassed over the Capitol's restricted perimeter on January 6, and entered the building itself. There she marched through the Statuary Hall, shouting "We own it; we own you!" as she made her way to the Speaker's Lobby. Government's Sentencing Memorandum at 6-9, *United States v. Cindy Lou Young*, 1:23-cr-241 (TSC) (D.D.C. Oct. 31, 2024), ECF No. 98. Afterwards, Young bragged about her actions, creating a Twitter account called "@j6cindylouwho" and filming herself riding a horse to the D.C. District Court to, as she put it, "rid[e] in style to offer up my pound of flesh to the Biden Regime." *Id.* at 12, 16. Mock was convicted in a jury trial and sentenced by Judge Chutkan to four months' incarceration. Minute Order, *United States v. Cindy Lou Young*, 1:23-cr-241 (TSC) (D.D.C. Dec. 12, 2024). Like Mock, Young was ultimately pardoned for her crimes.

Both now argue that they should be permitted to intervene in this case, and that the January 6 memorial be altered to honor them. ECF No. 12 ("Mock Mot.") at 2-3 (Mock "Propose[s] a revised memorial that includes . . . [a] dedicated section honoring the politically persecuted: those January 6 defendants who were: . . . [i]llegally detained pretrial [or] [d]enied constitutional rights."); ECF No. 13 ("Young Mot.") at 7 ("[A]ny memorial for January 6, 2021, must be inclusive and balanced, recognizing not only the law enforcement officers who defended the Capitol but also the 1,585 January 6 defendants.").

## II.    Argument

Mock and Young make a number of arguments, but they reduce to two primary claims. *First*, Mock argues that he has a legally protected interest in ensuring that a "false narrative" about January 6 is not memorialized. Mock Mot. at 1-2 ("[Mock] has a direct and legally protectable interest in the outcome of this action—namely in preventing the government from memorializing a false narrative that affects his legal history, public identity, and liberty."). *Second*, Young argues that by honoring the officers of January 6, but not those who attacked them, Congress violates the latter's constitutional right to equal protection. Young Mot. at 5 ("The Defendants' failure to include January 6 defendants and those who died in the proposed memorial violates the Equal Protection Clause of the Fifth Amendment…."). Both argue that they are entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or at least should be allowed to intervene with judicial permission under Rule 24(b)(1)(B). Neither form of intervention is applicable here.

Under Federal Rule of Civil Procedure 24(a)(2), a court must permit a party to intervene if he or she:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). As a prerequisite to intervention, the party seeking intervention must show that he she has standing to participate. *Johnson & Johnson Health Care Sys. Inc. v. Kennedy*, 24-cr-3188 (RC), 2025 WL 1411076, at *2 (D.D.C. May 15, 2025) ("As a threshold question, the D.C. Circuit requires putative . . . intervenors to demonstrate Article III standing by showing injury in fact, causation, and redressability."). In addition to standing, courts in this district "have identified four prerequisites to intervene as of right: "(1) the application to

3

intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008).

Mock and Young's motions are timely, but little else. To begin with standing, the purported interveners fail to identify any cognizable injury that they have suffered. As described above, Young argues that by failing to recognize both the officers of January 6 and those who attacked them violate the latter's right to due process. Young Mot. at 5. Such rioters, whether individually violent or not, are not a protected class, and so the government needs only a rational basis to distinguish between them and the officers protecting the Capitol that day. *Kelley v. D.C.*, 893 F. Supp. 2d 115, 122 (D.D.C. 2012) ("[I]f an individual is not a member of a protected class but is arbitrarily and intentionally treated differently from others who are similarly situated—and the government has no rational basis for the disparity—the individual may qualify as a 'class of one' and be entitled to pursue an equal protection claim."). There is a rational basis for distinguishing between these two groups—namely, that one group committed crimes, and the other did not—and thus Young lacks an injury in fact, and with it, standing to sue.

Similarly, Mock argues that a plaque to honor the officers of January 6 affects his "legal history, public identity, and liberty" without due process. Mock Mot. At 1-2. Mock's argument can best be read as a "stigma-plus" claim, where "the government takes certain adverse actions and those actions create a stigma or other disability that foreclosed the plaintiff's freedom to take advantage of other employment opportunities." *Campbell v. D.C.*, 894 F.3d 281, 284 (D.C. Cir. 2018) (cleaned up). Typically, such adverse actions are tangible and directed at the plaintiff, such as a firing. *See, e.g.*, *Haymon v. D.C.*, 610 F. Supp. 3d 101, 118 (D.D.C. 2022).

Here, Mock alleges only a generalized distaste for the required monument, with no specific description of the harms that he would suffer from its installation. Were this accepted as a cause of action, "any traveler . . . offended by any . . . memorial, monument, mural, building, or program on government property could claim the same sort of abstract stigmatic injury." *Johnson v. Curry*, No. 3:21-cv-726, 2023 WL 3854985, at *12–13 (M.D. Fla. Apr. 4, 2023) (internal quotations and citations omitted). Such litigation "would transform this Court into no more than a vehicle for the vindication of the value interests of concerned bystanders." *Id.*

In short, Mock and Young fail at the threshold step: they lack standing to intervene. For the same reason, they fail to demonstrate that they have any legally protected interest in this case, or that such an interest is threatened. *See Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008).

The purported interveners also fail to explain why the Architect of the Capitol would not adequately represent their interests. Like many government offices, the Architect is frequently in litigation. *See, e.g.*, *Swann v. Off. of the Architect of the Capitol*, 15-cv-5001, 2015 WL 5210251, at *1 (D.C. Cir. Aug. 18, 2015); *Paulk v. Architect of the Capitol*, 15-cv-5036, 2015 WL 5231062 (D.C. Cir. July 1, 2015); *Newton v. Off. of the Architect of the Capitol*, 12-cv-5145, 2012 WL 6603677, at *1 (D.C. Cir. Dec. 6, 2012). Mock and Young make no argument as to why the Architect would offer less than a vigorous defense here. Nor do they make any argument as to what information they could present that this Court would not likely consider without them. *See United States v. Google LLC*, 20-cv-3010 (APM), 2025 WL 372072, at *5 (D.D.C. Jan. 27, 2025), *aff'd*, No. 25-5016, 2025 WL 880552 (D.C. Cir. Mar. 21, 2025) (rejecting motion to intervene where the purported intervener "has not established that the information it wishes to present is any different than that the court already considered.").

In short, the law does not require that Mock or Young be allowed to intervene in this case. Nor do the Federal Rules of Civil Procedure counsel in favor of their permissive intervention. A court may permit a party to intervene if it the purported intervener "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In this district, to be permitted to intervene, "the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). In exercising this discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

For the same reasons that Mock and Young lack standing, they lack a claim necessary for permissive intervention. "The Federal Rules of Civil Procedure consistently use the word 'claim' to mean a 'claim for relief.'" Caleb Nelson, *Intervention*, 106 Va. L. Rev. 271, 274 (2020). Because Mock and Young have not identified a legally cognizable harm if the memorial were installed, they have no claim for which relief can be granted. Courts have frequently denied permissive intervention to those who allege only generic reputational harms from, or general policy interests in, a litigation. *See, e.g.*, *Floyd v. City of New York*, 770 F.3d 1051, 1061 (2d Cir. 2014) (generic assertions of reputational harm are insufficient to warrant permissive intervention); *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 248 (D.N.M. 2008) ("[a] generalized public policy interest shared by a substantial portion of the population does not confer a right to intervene." (quoting *Bates v. Jones*, 904 F. Supp. 1080, 1086 (N.D.Cal.1995)). Unlike the Plaintiffs in this case, Mock and Young were not the intended

beneficiaries of this memorial, and so its presence or absence affects them in only the most tenuous ways.

The inquiry could end there. But even if Mock and Young had a cognizable claim, their participation would unduly prejudice the adjudication of the original parties' rights. This case is not an opportunity to relitigate the reality of January 6, but rather to compel the Architect of the Capitol to follow the law and install the memorial to the officers that served and sacrificed that day. Mock and Young's motions, and their lack of remorse for their crimes, make clear that they see this case as an opportunity to recast the history of January 6. To allow Mock and Young to intervene would distract from the actual legal matters at hand, and harm the plaintiffs who have already been subject to so many threats from those who attacked the Capitol, and those who supported those attackers.

**III.    Conclusion**

This is a legal dispute, not a political one. The putative interveners seek to turn the

attackers of January 6 into victims, and to turn a court case into an opportunity for fame. Their

intervention is not required, nor would it be helpful, and their motions should be denied.

Respectfully submitted,

*Harry Dunn and Daniel Hodges, through their attorneys*

By: /s/ *Kathleen L. Millian*

Kathleen L. Millian, DC Bar No. 412350
TERRIS, PRAVLIK & MILLIAN, LLP
1816 12th Street, NW, Suite 303
Washington, DC 20009-4422
(202) 682-2100, ext. 8478
(202) 289-6795
kmillian@tpmlaw.com

Brendan Ballou
D.C. Bar No. 241592
Lichten & Liss-Riordan
729 Boylston St. Ste. 2000
Boston, MA 02116
(617) 994-5800
bballou@llrlaw.com