**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**HARRY DUNN and DANIEL HODGES,**

**Plaintiffs,**

**v.**

**THOMAS AUSTIN, in his official capacity as Architect of the Capitol, and the ARCHITECT OF THE CAPITOL,**

**Defendants.**

**Case No. 1:25-cv-01844-DLF**

**CINDY LOU YOUNG'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**

## INTRODUCTION

I, Cindy Lou Young, a 68-year-old grandmother and former January 6 defendant pardoned on January 20, 2025, respectfully submit this reply to the Plaintiffs' Opposition to my Motion to Intervene (Doc. 16, filed July 1, 2025). The Plaintiffs argue that I lack Article III standing, a legally protected interest, and that my intervention would cause undue delay or prejudice (Pls.' Opp'n at 4-7). They further attempt to discredit me by revisiting my pardoned misdemeanor convictions and alleging a lack of remorse (Pls.' Opp'n at 1, 7-8). These arguments mischaracterize my concrete injuries—loss of my business, incarceration, and ongoing psychological harm—misapply Federal Rule of Civil Procedure 24, and improperly rely on irrelevant personal attacks. My Fifth Amendment equal protection claim, tied to the proposed memorial's discriminatory exclusion of January 6 defendants and those who died, warrants intervention as of right under Rule 24(a)(2) or permissively under Rule 24(b)(1)(B).

RECEIVED
JUL 11 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**ARGUMENT**

I.  **I Have Article III Standing to Intervene**

The Plaintiffs assert that I lack standing, likening my claim to a "generalized distaste" for the memorial (Pls.' Opp'n at 5). This is incorrect. My Motion to Intervene details tangible injuries: the loss of my business, representing my retirement savings; four months of incarceration; two months of home detention; two years of probation; and ongoing depression and anxiety from a four-year legal ordeal, despite my presidential pardon (Young Mot. at 2, 4). The proposed memorial, mandated by Pub. L. 117-103 Sec. 214, exacerbates these harms by honoring only law enforcement officers and excluding January 6 defendants and those who died (Ashli Babbitt, Roseanne Boyland, Benjamin Phillips, and Kevin Greeson), perpetuating a stigmatizing narrative that violates my Fifth Amendment equal protection rights (Young Mot. at 5, 8).In Heckler v. Mathews, 465 U.S. 728, 740 (1984), the Supreme Court held that standing exists when a plaintiff suffers a concrete injury from unequal treatment, redressable by removing the discriminatory barrier. The memorial's selective recognition causes me reputational harm and worsens my psychological trauma, injuries traceable to the Defendants' actions and redressable by an order for a balanced memorial (Young Mot. at 8). Further, in Campbell v. D.C., 894 F.3d 281, 284 (D.C. Cir. 2018), the D.C. Circuit recognized standing for "stigma-plus" claims when stigmatic harm is accompanied by tangible losses. My loss of livelihood and documented mental health challenges satisfy this standard, distinguishing my case from unrelated bystander grievances (Pls.' Opp'n at 5**)**

**.II. I Meet the Requirements for Intervention as of Right Under Rule 24**

(a)(2)Under Rule 24(a)(2), I am entitled to intervene because: (1) my motion is timely; (2) I have a legally protected interest; (3) the disposition of this action may impair that interest; and (4) my interest is not adequately represented by existing parties (Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008)).

- **Timeliness:** The Plaintiffs concede that my motion, filed shortly after their June 12, 2025 complaint, is timely (Pls.' Opp'n at 4; Young Mot. at 3).

- **Legally Protected Interest:** I have a significant interest in ensuring the memorial, as government speech under Pleasant Grove City v. Summum, 555 U.S. 460, 467 (2009), complies with the Fifth Amendment's Equal Protection Clause. By excluding January 6 defendants and those who died, it arbitrarily discriminates against me, a "class of one" under Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), without a rational basis, as all parties were similarly impacted by January 6 (Young Mot. at 4-5). The Plaintiffs' reliance on Kelley v. D.C., 893 F. Supp. 2d 115, 122 (D.D.C. 2012), is misplaced, as no legitimate purpose justifies excluding defendants who suffered comparable harms, including my loss of livelihood and the deaths of four individuals (Young Mot. at 4-5).

- **Impairment of Interest:** If this action compels a plaque solely honoring law enforcement officers, it will impair my ability to protect my equal protection rights and prevent further stigmatization (Young Mot. at 5). The proposed plaque risks cementing a discriminatory narrative that marginalizes my experiences as a pardoned defendant (Young Mot. at 4-5).

- **Inadequate Representation:** The Plaintiffs argue that the Architect of the Capitol will adequately represent my interests (Pls.' Opp'n at 5). This fails. The Architect's focus is on

administrative compliance, not my constitutional concerns or the need for inclusive recognition (Young Mot. at 6). My perspective as a pardoned defendant who lost her business and suffers ongoing trauma provides critical information the Architect is unlikely to present (United States v. Google LLC, 2025 WL 3720722, at *5 (D.D.C. Jan. 27, 2025)).

**III. Permissive Intervention Under Rule 24(b)(1)(B) Is Warranted**

Alternatively, I request permissive intervention under Rule 24(b)(1)(B), which allows intervention when the movant's claim shares common questions of law or fact with the main action and does not unduly delay adjudication. My equal protection claim shares questions with the Plaintiffs' lawsuit, including the interpretation of Pub. L. 117-103 Sec. 214 and the memorial's constitutional implications (Young Mot. at 6-7). My intervention will enhance the Court's consideration by providing the unique perspective of a pardoned January 6 defendant, ensuring constitutional compliance without expanding the case's scope or delaying proceedings (EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998)). The Plaintiffs' assertion that I lack a "claim for relief" (Pls.' Opp'n at 6) is incorrect, as my equal protection claim seeks a balanced memorial, a cognizable remedy under Heckler v. Mathews, 465 U.S. at 740.

**IV. The Plaintiffs' Irrelevant Arguments Do Not Undermine My Motion**

The Plaintiffs mischaracterize my equal protection claim as a due process violation (Pls.' Opp'n at 4) and attempt to discredit me by revisiting my pardoned January 6 misdemeanor convictions and alleging a lack of remorse, claiming I seek to "relitigate the reality of January 6" and turn "attackers into victims" (Pls.' Opp'n at 1, 7-8). These arguments are irrelevant to the Rule 24 criteria, which focus solely on my legal interest, timeliness, impairment, and representation (Karsner, 532 F.3d at 885). My motion does not challenge my pardoned

convictions but seeks to protect my Fifth Amendment equal protection rights by ensuring the memorial does not arbitrarily exclude January 6 defendants and those who died (Young Mot. at 2, 7-8). The presidential pardon underscores the disproportionate impact of my prosecution, reinforcing my stake in preventing a stigmatizing narrative. The Plaintiffs' inflammatory remarks are an improper attempt to prejudice the Court and should be disregarded. Additionally, their claim of undue delay (Pls.' Opp'n at 7) is speculative, as my intervention addresses constitutional issues within the case's scope, requiring no additional discovery (Karsner, 532 F.3d at 886).

## CONCLUSION

For the foregoing reasons, I respectfully request that the Court grant my motion to intervene under Rule 24(a)(2) or, alternatively, Rule 24(b)(1)(B), permit me to file a responsive pleading, and order that any memorial under Pub. L. 117-103 Sec. 214 include recognition of all individuals impacted by January 6, 2021, to protect my Fifth Amendment equal protection rights.

Respectfully submitted,

/s Cindy Lou Young
20 Central St., Unit 1
Bristol, NH 03222
(603) 630-3195