UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


HARRY DUNN and DANIEL HODGES,                )

)

Plaintiffs,                )

)

v.                )        Case No. 1:25-cv-01844

)

THOMAS AUSTIN, in his official capacity        )

as Architect of the Capitol,                )

)

Defendant.                )

_____)


REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY BRIAN MOCK


COMES NOW Brian Mock, proposed intervenor, pro se, and respectfully submits this Reply to Plaintiffs' Opposition to his Motion to Intervene pursuant to Federal Rule of Civil Procedure 24. In support thereof, Mr. Mock states the following:

**RECEIVED**

JUL 16 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

I. INTRODUCTION

Plaintiffs argue that Mr. Mock lacks standing to intervene and assert that he has suffered no cognizable injury from the placement of a plaque honoring U.S. Capitol and Metropolitan Police officers involved in the events of January 6, 2021. This argument fails both legally and factually. Mr. Mock has experienced ongoing reputational, professional, and personal harm as a result of a false and politically manufactured narrative of January 6-a narrative which Plaintiffs themselves actively

helped shape and propagate through perjured and misleading congressional testimony and public statements.

## II. STANDING AND INJURY-IN-FACT

The Supreme Court recognizes that reputational and stigmatic injuries inflicted by government actions can constitute concrete and particularized injuries. See Meese v. Keene, 481 U.S. 465 (1987) (labeling of foreign films as "political propaganda" caused reputational harm sufficient for standing). Similarly, in Campbell v. D.C., 894 F.3d 281 (D.C. Cir. 2018), the D.C. Circuit recognized "stigma-plus" as a valid basis for constitutional injury. Here, the government seeks to memorialize a false version of events that was used to justify mass arrests, solitary confinement, pretrial detention, and unjust prosecution of hundreds of American citizens, including Mr. Mock.

This narrative, and this memorial based upon it, actively injure Mr. Mock's reputation. He continues to face death threats, denial of employment and banking access, and relentless public vilification based on a narrative disproven by emerging evidence and acknowledged through presidential pardon. Thus, Mr. Mock alleges more than ideological disagreement: he asserts active harm.

## III. LEGALLY PROTECTABLE INTEREST

The government claims Mr. Mock has no legally protectable interest in the outcome of this case. To the contrary, Mr. Mock has a fundamental liberty interest in being free from reputational defamation by the very institution that deprived him of his freedom based on false premises. Heckler v. Mathews, 465 U.S. 728 (1984), affirms that unequal and stigmatizing treatment under federal authority can confer standing. Furthermore, the proposed plaque, if implemented in its current form, will entrench and endorse perjured narratives that have already produced irreparable legal and personal harm.

## IV. INADEQUATE REPRESENTATION BY DEFENDANT

The Architect of the Capitol is institutionally aligned with Congress and, by extension, the January 6th Select Committee-the very body whose findings are the foundation for this memorial. As such, the Architect has neither the motivation nor the authority to represent the interests of citizens like Mr. Mock, who were directly targeted by those findings. Intervention is necessary to protect those interests from further institutional harm.

## V. PERMISSIVE INTERVENTION IS WARRANTED

Mr. Mock's claims and proposed relief share common legal and factual questions with the main action, including statutory interpretation of the Capitol Grounds memorial provisions, historical accuracy of the commemorated events, and the role of public narrative in government action. His intervention would not delay proceedings but would provide a constitutionally critical perspective from a directly impacted class of citizens.

## VI. PROPOSAL FOR ALTERNATIVE PLAQUE

Mr. Mock does not seek to prevent a memorial outright. Rather, he proposes one that includes the names of Ashli Babbitt, Rosanne Boyland, Kevin Greeson, and Benjamin Phillips-unarmed civilians who died during or as a result of police interaction on January 6. He further proposes the plaque acknowledge the ongoing legal, reputational, and civil rights battles of January 6 defendants who were detained without due process, denied access to counsel, and punished for political expression.

## VII. PERSONAL HARM AND REAL-WORLD CONSEQUENCES

I have personally suffered severe and ongoing harm as a result of the government's promotion of a false narrative surrounding January 6. I have been harassed in public, labeled a terrorist, and denied basic services such as banking and employment. As recently as this year, I overheard a Capitol tour guide repeating demonstrably false claims about January 6 to visitors, reinforcing the exact narrative this plaque seeks to memorialize. The placement of such a monument would not only validate that false history, but embolden those who continue to slander and endanger me and

others like me.

As a direct result of the government's false narrative, I have lost nearly everything: my house, my business, pets, relationships, family support, and over a million dollars in legal costs and lost income. For the government to now enshrine that narrative in bronze would be to deepen the wound, reaffirm the injustice, and all but guarantee that these personal and professional attacks will continue indefinitely.

## VIII. CONTINUING LEGAL DISPUTES AND PRESIDENTIAL PARDON

On January 20, 2025, President Donald J. Trump issued a full and unconditional pardon to all January 6 defendants, declaring publicly that "these Americans were attacked by their own government." This presidential action is not only a formal recognition of the injustice suffered by those prosecuted under a false narrative, but it also casts serious doubt on the legitimacy of the prosecutions and the underlying narrative itself.

Many January 6 defendants, including Mr. Mock, are currently engaged in civil litigation against the federal government for constitutional violations, excessive use of force by Capitol Police, and prosecutorial misconduct. These actions include investigations into undercover federal operatives who allegedly provoked or escalated the events of January 6. Far from being resolved matters, these issues are now the subject of ongoing legal proceedings that may reveal further misconduct and exonerate those wrongfully convicted.

To erect a plaque now, while these critical questions remain unresolved, would not only enshrine a one-sided and contested account of history, but would actively prejudice pending legal efforts to seek justice and accountability for the abuses suffered on that day.

## IX. CONCLUSION

For the foregoing reasons, the Court should reject Plaintiffs' Opposition and grant Mr. Mock's Motion

to Intervene.


Respectfully submitted,


Brian Mock

Pro Se Intervenor

P.O. Box 152

Lynd, Minnesota 56157

703-202-5019

ppow1621@gmail.com