UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**HARRY DUNN, et al.,**

Plaintiffs,

v.

**THOMAS AUSTIN, in his official capacity**

**as Architect of the Capitol, et al.,**

Defendants.

**Civil Action No. 25-1844 (DLF)**

**MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,**

**FOR SUMMARY JUDGMENT PENDING RESOLUTION OF MOVANT CINDY L. YOUNG'S MOTION TO INTERVENE**

Movant Cindy L. Young, proceeding pro se, respectfully moves this Court for an order staying all briefing and

consideration of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, including the

accompanying Local Rule 7(h) Statement of Material Facts Not in Dispute and declaration, until after the Court

resolves Movant's pending Motion to Intervene.



RECEIVED
DEC 09 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

A stay is warranted because deciding Defendants' dispositive motion before ruling on intervention would prejudice

Movant, impair her ability to protect her interests, and risk the creation of binding factual findings—especially

under Local Rule 7(h)—before Movant becomes a party able to contest or oppose such asserted facts. Judicial

economy also strongly favors resolving intervention first.

**I. BACKGROUND**

On August 22, 2025, Movant filed a Motion to Intervene seeking to intervene as of right under Fed. R. Civ. P. 24(a),

or alternatively permissively under Rule 24(b). Movant's intervention motion remains pending.

On December 9, 2025, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, accompanied

by a Local Rule 7(h) Statement and supporting declaration. Defendants' filing seeks a dispositive ruling that would

directly affect Movant's legal interests.

**II. ARGUMENT**

A. The Court Should Resolve Intervention Before Reaching the Merits of Defendants' Dispositive Motion

Courts routinely resolve intervention prior to adjudicating dispositive motions that impact a proposed intervenor's

rights. Proceeding without doing so risks depriving Movant of the opportunity to oppose Defendants' motion and to

contest asserted facts.

B. A Stay Is Necessary to Prevent Prejudice Under Local Rule 7(h)

Defendants' Local Rule 7(h) Statement places Movant at risk of having facts deemed admitted if briefing proceeds

before intervention is resolved.

C. A Stay Promotes Judicial Economy

Resolving intervention first simplifies litigation and avoids unnecessary or premature briefing.

### III. CONCLUSION

Movant respectfully requests that this Court enter an order:

1. Staying all briefing, deadlines, and consideration of Defendants' Motion to Dismiss or, in the Alternative,

   for Summary Judgment until after the Court rules on Movant's Motion to Intervene;

2. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Cindy L. Young

Cindy L. Young

20 Central Street, Unit 1

Bristol, NH 03222

(603) 630-3195

clyoung@breezeline.net


Dated: December 9, 2025