PRO SE MOTION FOR STATUS HEARING OR STATUS ORDER

REGARDING PENDING MOTION TO INTERVENE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

**CINDY L. YOUNG,**

Pro Se Movant,

v.

HARRY DUNN and DANIEL HODGES,

Plaintiffs,

Case No. 1:25-cv-01844

---

PRO SE MOTION FOR STATUS HEARING OR STATUS ORDER

REGARDING PENDING MOTION TO INTERVENE

Pro se movant **Cindy L. Young** respectfully moves the Court for a **status hearing**, or in the alternative a **status video conference or written status order**, regarding her **pending Motion to Intervene**, which has now been pending for **several months without resolution**.

In support thereof, Movant states as follows:



1. On **August 19, 2025**, Movant filed a **Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure**, seeking to protect substantial legal and constitutional interests directly implicated by this action.

2. Since that filing, the Motion to Intervene has remained **undecided for months**, while the existing parties have continued to:
    - Obtain extensions of time,
    - File dispositive motions, and
    - Advance the litigation toward potential resolution.

3. The unresolved status of the Motion to Intervene creates **procedural uncertainty** and poses a **risk of concrete prejudice**, including the possibility that this matter may be resolved **without adjudication of Movant's intervention rights**.

4. A motion to intervene is a **threshold procedural matter**. Prolonged inaction on such a motion—while substantive proceedings continue—effectively deprives the movant of clarity as to whether she may participate, seek discovery, or otherwise protect her interests before dispositive rulings issue.

5. **Movant respectfully objects to the prolonged and unexplained delay in adjudicating her Motion to Intervene.** The continued absence of a ruling or status guidance—while other aspects of the case advance—has the **practical effect of placing Movant in procedural limbo** on a matter that directly affects her rights. Movant raises this objection to **preserve the record** and to ensure that her interests are not prejudiced by continued inaction.

6. Movant does not seek to burden the Court, nor does she seek to influence the substance of any ruling. She seeks only **procedural clarity** as to the status and anticipated disposition of her pending Motion to Intervene.

7. A brief status hearing, conference, or written status order would:
    - Promote judicial efficiency.
    - Clarify the procedural posture of the case; and
    - Ensure that Movant's rights are not extinguished through delay.

8. Given that Movant resides in **New Hampshire**, while the Court and opposing parties are in **Washington, D.C.**, Movant respectfully requests that any status hearing or conference be conducted **by video conference**, or in the alternative by telephonic conference, pursuant to the Court's standard practices.

---

**REQUEST FOR RELIEF**

WHEREFORE, Movant respectfully requests that the Court:

1. **Schedule a status hearing or status conference** regarding the pending Motion to Intervene; **or**, in the alternative,

2. Issue a **written status order** indicating whether:
    - The Motion to Intervene remains under consideration,
    - Supplemental briefing is required, or
    - A ruling is forthcoming within a defined timeframe; and

3. Grant such other and further relief as the Court deems just and proper.

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Cindy L. Young*

/s/ Cindy L. Young

Cindy L. Young

Pro Se

20 Central Street, Bristol, NH. 03222

clyoung@breezeline.net

(603)630-3195

Date: December 31, 2025