UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**CINDY LOU YOUNG**,                    )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )   Civil Action No. 25-1844 (DLF)
                                        )
**ARCHITECT OF THE CAPITOL, et al.,**   )
                                        )
    Defendants.                         )

_____

**EMERGENCY MOTION FOR PERMANENT INJUNCTION TO PREVENT GOVERNMENT-SANCTIONED DISTORTION OF THE HISTORY OF JANUARY 6, 2021**

Plaintiff Cindy Lou Young respectfully moves this Court for **emergency** and **permanent** injunctive relief to prevent the installation, display, or endorsement of a government-sanctioned memorial or plaque concerning January 6, 2021 that selectively omits, excludes, or distorts the full scope of individuals affected by that day. In support



RECEIVED
JAN 09 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

thereof, Plaintiff states as follows:

## I. INTRODUCTION

This case presents a question of extraordinary constitutional and historical consequence: whether the federal government may permanently entrench a selective and self-serving account of January 6, 2021 on public grounds while excluding entire categories of individuals who were killed, injured, prosecuted, or otherwise irrevocably affected by the same event.

Plaintiff seeks emergency injunctive relief because once the government installs a permanent memorial, the resulting distortion of the historical record becomes irreversible. Judicial review after the fact would be meaningless. Courts exist precisely to prevent this form of irreversible governmental overreach.

## II. THE PROPOSED PLAQUE CONSTITUTES GOVERNMENT SPEECH SUBJECT TO CONSTITUTIONAL CONSTRAINTS

The proposed January 6 memorial constitutes official government speech. It is taxpayer funded, permanently affixed to federal property, and presented to the public as an authoritative historical account.

But the government is not acting as a neutral historian. It is acting simultaneously as

narrator, subject, and beneficiary of the narrative it seeks to memorialize. By selectively honoring law-enforcement institutions while excluding civilians who were killed, injured, prosecuted, or otherwise harmed, the government converts remembrance into institutional self-vindication.

Government speech that purports to define history while excluding disfavored categories of affected persons is viewpoint-selective, constitutionally suspect, and incompatible with the First and Fifth Amendments.

## III. SELECTIVE MEMORIALIZATION IMPOSES A FALSE HISTORICAL FINALITY

A permanent plaque does not merely commemorate; it concludes. It signals to the public that the narrative presented is settled, complete, and beyond dispute.

Here, the government seeks to impose that finality while:

• Thousands of affected individuals remain unnamed;

• Entire classes of injuries and deaths are excluded;

• Federal infiltration of the crowd has been publicly acknowledged but not accounted for;

• The criteria for inclusion and exclusion remain undisclosed.

This is not historical judgment. It is historical foreclosure.

## IV. THE MEMORIAL ELEVATES GOVERNMENT ACTORS WHILE ERASING THOSE THEY AFFECTED

Public records establish that individuals affiliated with the institutions being honored were directly involved in law-enforcement actions on January 6 that resulted in deaths, severe injuries, and unresolved public controversy.

Plaintiff does not ask this Court to adjudicate individual culpability. That is not required. What matters is that the government has chosen to elevate its own institutions while excluding civilians harmed during the same operations—without neutral review, transparent criteria, or independent oversight.

A memorial curated exclusively by the institutions it celebrates cannot credibly claim historical objectivity.

## V. PROCEDURAL DELAY HAS OPERATED AS FUNCTIONAL EXCLUSION

Plaintiff timely filed a Motion to Intervene in this action, along with multiple requests for status and clarification, seeking to ensure that all affected perspectives were heard before irreversible government action occurred.

That motion has remained unresolved while Defendants continue to advance toward permanent memorialization. The practical effect of this delay has not been neutral. It has

excluded Plaintiff and others similarly situated from meaningful participation at the only moment when participation matters.

Courts do not permit rights to be extinguished through procedural stagnation while government action races ahead.

Since August 2025, Plaintiff has repeatedly sought to raise these concerns through formal filings, including a Motion to Intervene and subsequent requests for status and clarification. To date, those filings have not been substantively addressed, while Defendants continue to advance toward permanent government action. The practical effect has been to foreclose Plaintiff's participation at the only stage when judicial intervention can prevent irreversible harm.

Absent immediate injunctive relief, the unresolved status of Plaintiff's intervention will functionally moot her claims by allowing a contested historical narrative to be permanently installed before judicial review occurs.

## VI. IRREPARABLE HARM IS CERTAIN AND UNAVOIDABLE

Once installed, the plaque will be encountered by millions of visitors, relied upon by students and educators, viewed by foreign dignitaries and future leaders, and treated as an official statement of historical fact.

No later ruling can undo that impact. Constitutional injury combined with permanent

memorialization constitutes irreparable harm as a matter of law.

## VII. THE BALANCE OF EQUITIES AND PUBLIC INTEREST COMPEL INJUNCTIVE RELIEF

Pausing installation imposes no hardship on Defendants. Allowing installation to proceed extinguishes Plaintiff's rights entirely.

The public interest is not served by speed. It is served by accuracy, completeness, and restraint. Equity does not permit the government to lock in a contested narrative by default.

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Permanently enjoin Defendants from installing or displaying any January 6, 2021 memorial or plaque that omits entire categories of affected individuals;

2. Prohibit Defendants from presenting a selective account as comprehensive historical fact;

3. Retain jurisdiction to ensure compliance with this Order; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Cindy Lou Young*

Cindy Lou Young

20 Central Street, Unit 1

Bristol, NH 03222

(603) 630-3195

Pro Se

Date: January 9, 2026