IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY DUNN, and DANIEL HODGES, *Plaintiffs*, v. ARCHITECT OF THE CAPITOL, *et al.*, *Defendant*. | Case No. 1:25-cv-01844-DLF |

**RESPONSE TO MINUTE ORDER**

This Court has asked Plaintiffs whether their case can be dismissed as moot. Unfortunately, this litigation must continue. Late on March 7, 2026, staff for the Defendant Architect of the Capitol installed the January 6 memorial plaque in a temporary location. Unfortunately, they did so in the interior of a ground floor entrance, in an area blocked to the public. Kaanita Iyer and Veronica Stracqualursi, *January 6 commemorative plaque appears in Capitol after years of delay*, CNN (Mar. 7, 2026), https://www.cnn.com/2026/03/07/politics/january-6-plaque-installed-capitol ("The plaque has been placed at the end of a hallway, just inside an entrance on the West Front of the Capitol, which is not open to the public."). In fact, visitors who made an unauthorized visit to the plaque would, per police policy, be ejected from the Capitol building for doing so. Ex. A, Decl. of Harry Dunn at ¶ 2. And not even staff can use the nearby door; that is reserved for policy alone. *Id.*

Defendants' decision to install the plaque in a part of the Capitol hidden from the public fails to comply with the text law, which requires the memorial to be displayed on the Capitol's "western front," an exterior part of the building. Pub. L. 117-103 Sec. 214(b); *see also* Ex. A, Decl. of Harry Dunn at ¶ 2 ("In my experience working for USCP, this phrase refers to the exterior of the Capitol—the upper and lower terrace, for instance—and it has

1

always been my understanding that the law directed the plaque to be installed outside, as these areas are open to the public."). That Congress intended to install the plaque on the western exterior of the Capitol makes sense: that is both an area accessible to the general public, and the site of the most violent attacks on January 6, 2021.

In addition to violating the text of the statute, Defendants' actions violate its spirit too. The purpose of the law was to "Honor Members of Law Enforcement Who Responded on January 6." Honor is a social—that is, public—recognition. Hidden from all visitors, the current location is no different than the basement the plaque was kept in for years.

Defendants actions are enormously frustrating to Plaintiffs, who see this latest move as part of a yearslong effort to keep the plaque, and more generally, the history of January 6, 2021, literally hidden from the public. Plaintiffs will not recount the many ways in which elected officials have tried to whitewash the attack on the Capitol, as this Court is no doubt familiar with those efforts. But it is concerning that Defendants continue to block the enforcement of this simple law.

The potentially temporary nature of this installation does not change this analysis. Senator Thom Tillis, who fought to have the plaque installed, has suggested that the plaque's placement is not permanent. *See* Megan Mineiro, *Senate Agrees to Display a Jan. 6 Plaque Honoring Officers*, N.Y. Times (Jan. 8, 2026), https://www.nytimes.com/2026/01/08/us/politics/senate-jan-6-plaque.html. But absent the continued pressure of litigation, it is unlikely that the plaque will ever find a permanent—and legally required—home. Notably, Defendants are three years past their deadline for installing the plaque. And in testimony from 2025, the Architect of the Capitol confirmed that the Speaker of the House had refused to give his permission to install the plaque. Steve Benen, *On Jan. 6 anniversary, Speaker Johnson rejects plaque to honor police officers*, MS NOW (Jan. 6, 2026), https://www.ms.now/rachel-maddow-show/maddowblog/january-6-

anniversary-plaque-mike-johnson. In short, absent intervention, the plaque is unlikely to be installed on the Capitol's western front.

Finally, Defendants cannot argue that the case is moot. This is because, in their eyes, the plaque that was installed does not comply with the law. According to Defendants, "the plaque called for by the Act would need to include over 3,600 names," Mot. to Dismiss at 7, ECF No. 27. *See also id.* at 3 ("The plaque . . . lists the names of approximately twenty-one law enforcement entities not the approximately 3,648 individual names of law enforcement personnel provided to the Architect. Thus, the plaque referenced in that testimony is not the plaque directed by the statute . . . ." (internal citations omitted)). Because Defendants do not believe that the plaque they installed actually complies with the law, they cannot now argue that its installation satisfies the law's requirements.

Because Defendants still fail to comply with the law, Plaintiffs continue their litigation.

Respectfully submitted,

/s/ Brendan Ballou
Brendan Ballou
D.C. Bar No. 241592
Public Integrity Project
1763 Columbia Rd NW Ste 175 #357995
Washington, DC 20009
(917) 684-39000