UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY DUNN, et al., <br><br><br> *Plaintiffs,* <br><br> v. <br><br> THOMAS AUSTIN, in his official capacity as Architect of the Capitol, et al, <br><br> *Defendants*. | Civil Action No. 25-1844 (DLF) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO MINUTE ORDER

Defendants, by and through undersigned counsel, respond as follows to Plaintiffs' "Response to Minute Order" (ECF No. 39) submitted in response to the Court's March 7, 2026 order, in which the Court referenced news reports about a plaque having been installed at the Capitol and inquired whether the case could be dismissed as moot in light of that development. As established in Defendants' motion to dismiss, this case should be dismissed irrespective of the installation of this plaque.  This development nevertheless furthers the grounds for dismissal.

*First*, the installation of the plaque makes the absence of standing even more pronounced. The plaque commemorates the law enforcement officers who responded to the events at the Capitol on January 6, 2021, and thus reflects the Congressional recognition—already reflected in the statute at issue—that Plaintiffs claim is needed to redress their alleged injuries.  Plaintiffs now argue even more implausibly that it is not recognition at the Capitol that is needed, but recognition at a specific location at the Capitol.  The requirements for standing, however, cannot be stretched so thin.

Equally misplaced is Plaintiffs' assertion that the January 6 plaque is "hidden" from the public.  As an initial matter, the January 6 plaque is as accessible to the public as the Chestnut-Gibson plaque on which Plaintiffs' Equal Protection claim rests.  To access the Capitol, members of the public must arrange either a Capitol Visitor Center tour or a staff-led tour.  *See* https://www.house.gov/visitors/tours (last visited March 24, 2026).  Although the January 6 plaque—like the Chestnut-Gibson plaque—is not visible through the current Capitol Visitor Center tour (O'Connor Decl. ¶ 2),[1] that does not mean it is not publicly accessible through a staff-led tour.  Indeed, public reporting indicates that tours have visited the January 6 plaque.  *See* https://www.msn.com/en-us/news/politics/police-officers-say-jan-6-plaque-is-hidden-from-the-publics-view/ar-AA1Yuck5?ocid=BingNewsSerp (last visited March 24, 2026).  According to reporting, moreover, Plaintiffs themselves view the current location as having symbolic significance.   *See*  https://www.msn.com/en-us/news/politics/the-jan-6-plaque-now-hangs-in-a-quiet-hallway-some-say-it-s-not-enough/ar-AA1YpagL?ocid=BingNewsSerp (last visited March 24, 2026).[2]

Plaintiffs' assertion that a plaque on the "western front" of the Capitol—the general location called for by Public Law 117-103—would be more publicly accessible is entirely speculative because that statute does not specify that the plaque be installed in a "publicly

---

[1]     *See also* https://www.visitthecapitol.gov/frequently-asked-questions (last visited March 24, 2026).

[2]     The photograph in this article, which shows an exterior door near the plaque, also adds context to the assertion in the Dunn declaration that the plaque is "near a doorway leading to the Capitol steps" that "only police officers having badging authority" can "enter and exit."  Dunn Decl. (ECF No. 39-1) ¶ 2.  Dunn appears to be referencing the exterior door in the photograph.  Dunn, however, does not address staff's ability to access the plaque through interior entrance points.  *Compare* photograph at https://www.msn.com/en-us/news/us/police-say-jan-6-plaque-is-unlawfully-hidden-from-public-at-us-capitol/ar-AA1YqAU1?ocid=BingNewsSerp (last visited March 24, 2026).

accessible" area at all.  It states only that it be "place[d] at a permanent location on the western front of the United States Capitol," *see* 136 Stat. 528 (Mar. 15, 2022), an area that the public likewise cannot access unrestricted.

*Second*, the installation of the plaque either renders Plaintiffs' Equal Protection claim moot or, at a minimum, further establishes the legal deficiency of that claim.  Plaintiffs have attempted to satisfy the comparator element of that claim by referencing the Chestnut-Gibson plaque. Compl. (ECF No. 4-1) ¶¶ 27, 33-35; *id.* at 9 n.16 (citing https://www.aoc.gov/explore-capitol-campus/art/chestnut-gibson-plaque) (depicting a plaque honoring two Capitol Police officers who died in the line of duty in 1998).  Although that was an insufficient comparison for reasons established in Defendants' motion, it is particularly inapt now that the January 6 plaque has been installed.  Although not the plaque described in the statute (McIntyre Declaration (ECF No. 27-2 ¶ 3)), its installation nevertheless precludes Plaintiffs from plausibly pleading the requisite disparate treatment to state an Equal Protection claim.  And, because mandamus relief is unavailable against the legislative branch, of which the Architect of the Capitol is part, *Leopold v. Manger*, 102 F. 4th 491, 494 (D.C. Cir. 2024), Plaintiffs have no cognizable alternative claim.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH, D.C. BAR #496637
Chief, Civil Division

By:             */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*