**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**HARRY DUNN**, et al.,
    Plaintiffs,

v.

**THOMAS AUSTIN**, in his official capacity
as Architect of the Capitol, et al.,
    Defendants.

**Civil Action No. 1:25-cv-01844 (DLF)**

**CINDY LOU YOUNG,**
    Proposed Intervenor.


**MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO
INTERVENE AND STRIKING FILINGS**


Proposed Intervenor Cindy Lou Young, proceeding pro se, respectfully moves this
Court pursuant to Federal Rule of Civil Procedure 54(b) for reconsideration of the
Court's Order (Dkt. 44) denying her Motion to Intervene (Dkt. 13) and striking her
filings (Dkts. 28, 31, 32, 33, 34, 36, 38, 40), as well as the accompanying
Memorandum Opinion (Dkt. 45, filed March 30, 2026). Reconsideration is
warranted because the Court misapprehended the nature of the injury asserted,
failed to address Proposed Intervenor's particularized allegations, applied an
incorrect standing analysis, misapprehended the procedural posture of the filings it
struck, and—critically—issued its ruling only after a seven-month delay during



**RECEIVED**
MAR 31 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

which the very plaque at issue was installed, rendering the injury actual and concrete rather than speculative.

## I. BACKGROUND

Proposed Intervenor moved to intervene in this matter based on her direct and ongoing connection to the events of January 6, 2021, including her prosecution arising from those events, her subsequent pardon, and the continuing legal, reputational, emotional, and professional consequences thereof. Her Motion to Intervene was filed on or about June 18, 2025 (Dkt. 13), and sat unresolved for over seven months. Only after the plaque was installed in the Capitol (as publicly reported in early March 2026) did the Court issue its Order and Memorandum Opinion denying intervention and striking her filings.

In its Memorandum Opinion, the Court denied intervention on standing grounds, characterizing the asserted harm as "pure speculation and fantasy" and stating that "anyone who has any connection to January 6 anywhere in the world is [not] appreciably harmed by a single [plaque] . . . with which [s]he has no more specific connection." Mem. Op. at 9. The Court further struck Proposed Intervenor's multiple filings as "extraneous."

## II. LEGAL STANDARD

Under Rule 54(b), a district court may revise any interlocutory order "at any time" prior to final judgment. Reconsideration is appropriate where the court has misapprehended a party's arguments, made a clear error of law, failed to consider controlling facts or legal principles, or where new circumstances (such as the post-ruling installation of the plaque) warrant reevaluation to prevent manifest injustice. See, e.g., Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008).

III. ARGUMENT

**A. The Court Misapprehended the Nature of the Injury Asserted, Particularly in Light of the Now-Installed Plaque**

The Court's analysis rests on a mischaracterization of Proposed Intervenor's claims. She did not assert a generalized grievance that "anyone anywhere in the world" connected to January 6 is harmed by the plaque. Rather, she asserted a particularized and ongoing injury arising from: (1) her direct participation in the events of January 6; (2) her prosecution arising from those events (resulting in conviction on misdemeanor counts, four months' imprisonment, loss of her business, depression, anxiety, social isolation, stigmatization, verbal attacks, and harassment); (3) her pardon in January 2025; and (4) the continuing legal, reputational, historical, and emotional consequences tied to the government's one-sided characterization of those events—which the plaque now permanently enshrines in bronze on the Capitol grounds. Young Mot. at 1–3, Dkt. 13; Young Decl. at 2, Dkt. 13-1; Young Reply at 2–4, Dkt. 18.

The Court's seven-month delay in ruling, followed by issuance of its Order only after the plaque's installation, transforms what the Court characterized as speculative or imminent harm into actual, concrete injury. This was not merely a change in timing—it altered the posture of the case itself. By allowing the challenged government action to occur before adjudicating intervention, the Court permitted imminent injury to become realized harm. The plaque now exists as official government speech that honors one group (law enforcement) while excluding recognition of the 1,585 January 6 defendants (including Proposed Intervenor), thereby exacerbating the stigmatic and tangible harms she has already suffered and will continue to suffer. The injury is no longer hypothetical; it is realized and ongoing.

.

## B. The Court Failed to Address Proposed Intervenor's Particularized Allegations

The Memorandum Opinion does not engage with the specific harms alleged, including the ongoing consequences of her prosecution, the role of government-authored narratives in perpetuating those consequences, and her "stigma-plus" claim (stigmatic harm accompanied by tangible losses such as business closure, employment denial, and harassment). Mem. Op. at 8–9. Instead, the Court rejected a generalized version of the claim that Proposed Intervenor never advanced. This constitutes a failure to consider material facts and arguments presented in support

of intervention. See Friends of Animals v. Jewell, 828 F.3d 989, 992 (D.C. Cir. 2016).

Proposed Intervenor is not a generalized observer. She is a member of the discrete and identifiable class directly implicated by the events the plaque purports to memorialize—individuals prosecuted for conduct on January 6—and thus bears the reputational, legal, and historical consequences of the government-endorsed narrative the plaque conveys.

The causal connection is direct: the government's installation of the plaque constitutes official speech that reinforces and perpetuates the very stigma attached to Proposed Intervenor as a January 6 defendant, thereby amplifying the concrete harms she has already experienced. This is not abstract disagreement with government expression, but a direct and personal consequence of it.

Proposed Intervenor's connection is not "no more specific" than that of any other person…"

## C. The Court Applied an Incorrect Standing Standard

The Court's reliance on the phrase "appreciably harmed" (drawn from Lujan v. Defenders of Wildlife, 504 U.S. 555, 567 (1992)) reflects an imprecise and heightened articulation of the Article III standing requirement. The proper inquiry is whether the injury is concrete, particularized, and actual or imminent—not whether the Court deems it sufficiently "appreciable" under a generalized framing of the claim.  See, e.g., Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016).

Moreover, Proposed Intervenor has alleged a cognizable "stigma-plus" injury: the plaque's selective recognition (government action) is accompanied by tangible consequences (business loss, ongoing harassment, emotional distress) that distinguish her from a mere bystander. See Campbell v. District of Columbia, 894 F.3d 281, 284 (D.C. Cir. 2018). The Court's analysis erroneously treated these as untethered generalized grievances. The now-installed plaque supplies the "direct result" of personal denial of equal treatment that Allen v. Wright, 468 U.S. 737 (1984), requires for stigmatic injury to be cognizable.

## D. The Court's Conclusion Rests on the Above Errors, Compounded by the Timing of the Ruling

The Court's statement that the asserted harm amounts to "pure speculation and fantasy" flows directly from its mischaracterization of the claim, application of an incorrect legal standard, and failure to account for the seven-month delay that allowed the plaque to be installed before intervention could be considered. Because the Court did not evaluate the actual injury asserted—now realized through installation—reconsideration is necessary to address the proper legal question presented under current circumstances.  Reconsideration is therefore necessary not only to correct legal error, but to address the materially altered factual posture created by the Court's delayed ruling.

## E. The Court Misapprehended the Procedural Posture of the Stricken Filings

The Court struck multiple filings on the basis that Proposed Intervenor lacked leave to file them. However, this conclusion reflects a misapprehension of the procedural posture under which those filings were submitted. As a pro se litigant proceeding without full electronic filing access in this matter, Proposed Intervenor has been required to submit filings through the Clerk's Office. In practice, such filings are received and processed by the Clerk prior to docketing, including in circumstances where leave may be required.

The absence of prior docketed leave does not reflect an attempt to circumvent procedural requirements, but rather the mechanics of how pro se filings are processed before appearing on the docket. By striking the filings as "extraneous" on this basis, the Court disregarded submissions made in good faith through the only avenues available. Particularly for a pro se litigant, this risks elevating form over substance.  Striking these filings under these circumstances—without addressing their substance or permitting correction—effectively denied Proposed Intervenor a meaningful opportunity to be heard.   This is particularly significant where, as here, the Court's delay prevented timely adjudication of intervention before the challenged government action occurred.

Even if the Court were to conclude that Article III standing is lacking (which Proposed Intervenor disputes), the Court should have exercised its discretion under Rule 24(b) to permit intervention, given the common questions of law and fact regarding the plaque's content, installation, and compliance with

Appropriations Act of 2022. The seven-month delay and post-ruling installation further support permissive intervention to avoid undue prejudice.

## IV. CONCLUSION

For the foregoing reasons—including the material change in circumstances resulting from the plaque's installation following the Court's extended delay— Proposed Intervenor respectfully requests that the Court reconsider its Order denying intervention and striking her filings. In the alternative, Proposed Intervenor requests that the Court clarify or amend its reasoning to address the specific, particularized injuries asserted and the post-installation posture of this case under the correct legal standards.

Respectfully submitted,

*Cindy Lou Young*

/s/ Cindy Lou Young
Cindy Lou Young
20 Central Street
Bristol, NH 03222
clyoung@breezeline.net
Pro Se